[No. 33082-2-II.   Division Two.   July 11, 2006.]

*In the Matter of the Detention of* ALFRED E. KISTENMACHER, *Appellant.*

*Peter B. Tiller* (of *The Tiller Law Firm*), for appellant.

*Robert M. McKenna, Attorney General*, and *Melanie Tratnik, Assistant*, for respondent.

¶1 BRIDGEWATER, J. — Alfred E. Kistenmacher appeals from a jury's determination that he is a sexually violent predator under chapter 71.09 RCW. We hold that the trial court did not err in admitting evidence of a psychologist's evaluation performed in the absence of Kistenmacher's attorney. We hold that a psychological examination under chapter 71.09 RCW is not a proceeding in which the right of counsel attaches.

¶2 We also hold, regardless of a state employee's advice that Kistenmacher could have his attorney present at his psychological evaluation and Kistenmacher's subsequent request for his attorney's presence, that the State cannot create a right where no authorization for right of counsel exists. In addition, Kistenmacher presented no evidence of reliance to his detriment or evidence that the outcome would have differed had his attorney been present. In fact, Kistenmacher had already admitted to his sexual deviancy: (1) in his 1995 Special Sex Offender Sentencing Alternative (SSOSA) evaluation; (2) in his own expert's evaluation; and (3) in his videotaped deposition, which was taken in the presence of his attorney and later played at his trial. We affirm.

## FACTS

¶3 In 1996, the State convicted Alfred E. Kistenmacher of two counts of first degree child rape. The trial court sentenced him to 102 months of total confinement for the offenses. In 2004, before Kistenmacher's release from total confinement, the State sought to commit him as a "sexually violent predator" under chapter 71.09 RCW.

¶4 After reviewing the State's petition, the trial court found probable cause to believe that Kistenmacher was a sexually violent predator. At the subsequent probable cause hearing, Kistenmacher stipulated to this finding. Counsel was appointed to represent Kistenmacher for this hearing, and that representation extended through the trial. The trial court then ordered Kistenmacher to remain at the Special Commitment Center (SCC) of the Department of Social and Health Services for custodial detention and an evaluation under RCW 71.09.040(4). Clerk's Papers at 105-06. Kistenmacher was examined for evaluation as a sexual predator by Harry Goldberg, PhD, an independent forensic psychologist.

¶5 Before trial, Kistenmacher moved to suppress Dr. Goldberg's testimony, arguing that the State deprived him

of his right to counsel when Dr. Goldberg conducted the evaluation without informing him that his counsel could be present. But the trial court denied the motion.

¶6 After a trial in which Dr. Goldberg testified, a unanimous jury concluded that Kistenmacher was a sexually violent predator needing total confinement.

## ANALYSIS

¶7 Kistenmacher argues that the trial court erred in entering its findings of fact and conclusions of law. Essentially, he argues that the trial court erred in concluding that he had no constitutional right, statutory right, or other right to have counsel present during an evaluation conducted under RCW 71.09.040(4). Although this issue is one of first impression for Washington, we hold that the trial court did not err.

¶8 We review findings of fact under a substantial evidence standard, defined as a quantum of evidence sufficient to persuade a rational fair-minded person the premise is true. *Wenatchee Sportsmen Ass'n v. Chelan County*, 141 Wn.2d 169, 176, 4 P.3d 123 (2000). If the standard is satisfied, we will not substitute our judgment for the trial court's judgment even though it may have resolved a factual dispute differently. *Croton Chem. Corp. v. Birkenwald, Inc.*, 50 Wn.2d 684, 685, 314 P.2d 622 (1957). And we review questions of law and conclusions of law de novo.[1] *See Veach v. Culp*, 92 Wn.2d 570, 573, 599 P.2d 526 (1979). Finally, we do not need to review findings of fact to which error has not been assigned; they are verities on appeal. *State v. Hill*, 123 Wn.2d 641, 647, 870 P.2d 313 (1994).

### I. STATUTORY RIGHT

¶9 First, Kistenmacher argues that he has a statutory right to have counsel present during his evaluation under chapter 71.09 RCW.

---

[1] Interpretation of a statute is a question of law that we review de novo. *Wash. Pub. Ports Ass'n v. Dep't of Revenue*, 148 Wn.2d 637, 645, 62 P.3d 462 (2003).

¶10 Under RCW 71.09.030, the State may file a petition alleging that a person is a "sexually violent predator." Upon filing this petition, a judge shall determine whether probable cause exists to believe the person is a sexually violent predator. RCW 71.09.040(1). If the judge makes such a determination, the judge shall direct the person to be taken into custody. RCW 71.09.040(1).

¶11 Within 72 hours after being taken into custody, the court shall provide the person with an opportunity to appear in person at a hearing to contest probable cause as to whether the person is a sexually violent predator. RCW 71.09.040(2). Under RCW 71.09.040(3), this person shall have the following rights: (1) to be represented by counsel, (2) to present evidence on his behalf, (3) to cross-examine witnesses who testify against him, and (4) to view and copy all petitions and reports in the court file.[2]

██ ██ ¶12 If the judge again determines that probable cause exists, "the judge shall direct that the person be transferred to an appropriate facility for an evaluation as to whether the person is a sexually violent predator." RCW 71.09.040(4).[3]

¶13 Finally, RCW 71.09.050 states in part:

(1) Within forty-five days after the completion of any hearing held pursuant to RCW 71.09.040, the court shall conduct a trial to determine whether the person is a sexually violent predator. The trial may be continued upon the request of either party and a showing of good cause, or by the court on its own motion in the due administration of justice, and when the respondent will not be substantially prejudiced. *At all stages of the proceedings under this chapter, any person subject to this chapter shall be entitled to the assistance of counsel, and if the person is*

---

[2] RCW 71.09.040(3) states in part, "At the probable cause hearing, the person shall have the following rights in addition to the rights previously specified [in RCW 71.09.040(2)]."

[3] Under RCW 71.09.040(4), "The evaluation shall be conducted by a person deemed to be professionally qualified to conduct such an examination pursuant to rules developed by the department of social and health services."

*indigent, the court shall appoint counsel to assist him or her.* The person shall be confined in a secure facility for the duration of the trial.

(2) Whenever any person is subjected to an examination under this chapter, he or she may retain experts or professional persons to perform an examination on their behalf. When the person wishes to be examined by a qualified expert or professional person of his or her own choice, such examiner shall be permitted to have reasonable access to the person for the purpose of such examination, as well as to all relevant medical and psychological records and reports. In the case of a person who is indigent, the court shall, upon the person's request, assist the person in obtaining an expert or professional person to perform an examination or participate in the trial on the person's behalf.

(Emphasis added.)

¶14 Based on his interpretation of the statute, Kistenmacher "submits that the language of RCW 71.09.050 means what it says and that it is binding on *all* commitment procedures, including pre-commitment interviews." Br. of Appellant at 24-25. Thus, he argues that the trial court erred in concluding, "The phrase 'at all stages of the proceedings under this chapter' present in RCW 71-.09.050(1) speaks to legal proceedings, and does not encompass forensic interviews." Suppl. Clerk's Papers at 118.

¶15 In support of his argument, Kistenmacher notes that Division One of this court has stated, "Defendants have a statutory right to counsel at all stages of a commitment trial." *In re Det. of Stout*, 128 Wn. App. 21, 27-28, 114 P.3d 658 (2005), *review granted*, 156 Wn.2d 1030 (2006). Kistenmacher also notes that our Supreme Court has found that "the Legislature created the right to counsel only as to all stages leading to the initial trial of whether the person is a sexually violent predator, and not to further proceedings." *In re Det. of Petersen*, 138 Wn.2d 70, 92, 980 P.2d 1204 (1999).

¶16 Yet the courts in *Stout* and *Petersen* did not answer whether an "evaluation" under RCW 71.09.040(4) is the equivalent of a "proceeding" under RCW 71.09.050(1). And Kistenmacher fails to cite any authority for his proposition.

¶17 In contrast, the State argues that this court should look to *In re Dependency of J.R.U.-S.*, 126 Wn. App. 786, 110 P.3d 773 (2005), for guidance in interpreting RCW 71.09.050(1). In *J.R.U.-S.*, Division One of this court principally considered whether the courts in dependency proceedings abused their discretion when they allowed the parents' counsel to attend court-ordered psychological evaluations. *J.R.U.-S.*, 126 Wn. App. at 790. But it also considered whether the parents had a right to counsel at these evaluations under RCW 13.34.090(2). *J.R.U.-S.*, 126 Wn. App. at 801.

¶18 RCW 13.34.090(2) provides in relevant part, "At all stages of a proceeding in which a child is alleged to be dependent, the child's parent, guardian, or legal custodian has the right to be represented by counsel, and if indigent, to have counsel appointed for him or her by the court."[4]

¶19 The parents argued, much like Kistenmacher, that because the statute authorized the evaluations, they were a "proceeding" within the meaning of RCW 13.34.090(2). *J.R.U.-S.*, 126 Wn. App. at 801. Division One of this court disagreed. *J.R.U.-S.*, 126 Wn. App. at 801.

¶20 The court concluded:

> A psychological evaluation is not a "proceeding" or "stage" of the proceedings. It is one of the dispositional services ordered by the court. If the evaluation were considered a "stage" of the proceedings, then parents would have a right to counsel at every counseling appointment, every visit with their children, and every other dispositional activity in a dependency case. The parents' interpretation of the statute leads to absurd results, and we reject it.

*J.R.U.-S.*, 126 Wn. App. at 802.

---

[4] By comparison, RCW 71.09.050(1) provides in relevant part, "At all stages of the proceedings under this chapter, any person subject to this chapter shall be entitled to the assistance of counsel, and if the person is indigent, the court shall appoint counsel to assist him or her."

¶21 Because the relevant language of RCW 13.34.090(2) is very similar to the relevant language of RCW 71.09.050(1), we follow the reasoning of Division One in *J.R.U.-S.* and hold that an evaluation under RCW 71.09.040(4) is not the equivalent of a "stage" or "proceeding" under RCW 71-.09.050(1). To hold otherwise, alleged sexually violent predators would have a right to counsel at every counseling appointment, every visit with a worker at the SCC, and every other dispositional activity in a sexually violent predator civil commitment case. Kistenmacher's interpretation of the statute leads to absurd results, and we reject such an interpretation.[5]

## II. Constitutional Right

¶22 Second, Kistenmacher appears to argue that he has a constitutional right to have counsel present during his evaluation under chapter 71.09 RCW. He argues in vague terms that due process principles afford him this right. And he argues that the trial court erred in relying on *Petersen* because it pertains to postcommitment annual examinations under RCW 71.09.070, not precommitment evaluations under RCW 71.09.040(4).

¶23 In *Petersen*, our Supreme Court held that "a committed sexually violent predator is not entitled to the presence of counsel during psychological evaluations under state or constitutional law." *Petersen*, 138 Wn.2d at 94. Although our Supreme Court examined a sexually violent predator's right to counsel during an annual examination under RCW 71.09.070, the principles underlying *Petersen* very much apply to the present case.

¶24 In reaching its conclusion, our Supreme Court emphasized that proceedings under chapter 71.09 RCW are civil, not criminal. *Petersen*, 138 Wn.2d at 91 (citing *In re Pers. Restraint of Young*, 122 Wn.2d 1, 23, 857 P.2d 989 (1993)). As such, a sexually violent predator is in no danger

---

[5] *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003) (courts must avoid absurd results when interpreting statutes).

of incriminating himself and he has no Fifth Amendment constitutional right to counsel during an annual psychological evaluation. *Petersen*, 138 Wn.2d at 91. Similarly, because a personal interview by a psychologist is not a "criminal prosecution," a sexually violent predator has no Sixth Amendment right to "assistance of counsel." *Petersen*, 138 Wn.2d at 91 (citing U.S. CONST. amend. VI).

¶25 In the present case, we need not address any application of the Fifth or Sixth Amendment rights. Kistenmacher has not presented us with a criminal case in which any information gained at his evaluation is purported to be used against him; nor has Kistenmacher presented us with any reason to believe that the statute of limitations would allow the State to bring additional charges against him based on the information gained at his evaluation.

¶26 Having rejected these constitutional challenges, our Supreme Court in *Petersen* concluded that "whatever constitutional right [a sexually violent predator] may have to counsel during the psychological evaluation must flow from considerations of fundamental fairness." *Petersen*, 138 Wn.2d at 91. Our Supreme Court went on to state:

> That is, it is possible to postulate that a biased or negligent psychologist in the employ of the State may conduct a tendentious or careless examination and reach an unsupportable or incorrect conclusion about [a sexually violent predator's] fitness for release. Any concerns about such an interview, however, are wholly cured by [his] statutory right to have experts evaluate him and testify on his behalf, and the right to have the court appoint an expert if he can prove indigency. [He] has not availed himself of his right to present expert evidence to rebut the evaluation by the State's psychologist. Thus, neither specific constitutional mandates nor fundamental fairness requires the presence of an attorney at the annual psychological evaluation.

*Petersen*, 138 Wn.2d at 91-92.

¶27 Here, relying on our Supreme Court's analysis in *Petersen*, we likewise hold that constitutional law and fundamental fairness do not entitle an alleged sexually

violent predator to the presence of counsel during an evaluation under RCW 71.09.040(4).

### III. Right Based on State's Actions

¶28 Third, Kistenmacher nevertheless claims that the State's actions granted him a right to the presence of counsel at his evaluation.

¶29 Kistenmacher moved to suppress Dr. Goldberg's testimony because on July 19, 2004, John Rockwell, an SCC forensic therapist, provided Kistenmacher with a form titled, "NOTICE OF EVALUATION AS A SEXUALLY VIOLENT PREDATOR." Br. of Appellant at App. A. This form contained two boxes titled, "EVALUATION CONSENT" and "WAIVER OF ATTORNEY PRESENCE." Br. of Appellant at App. A. This form in part stated, "I may have my attorney present during the clinical interview portion of the evaluation for the purpose of commitment." Br. of Appellant at App. A. Kistenmacher agreed to participate in the evaluation, but he requested that his attorney be present during the clinical interview.

¶30 According to the State, Rockwell said:

[T]his [form] is part of their intake packet. Now, once they're in there with the intake worker, what he does is do an evaluation of past treatment history, offenses, then they encourage them to go into the treatment at the SCC . . . . Maybe this form is for the purpose of the treatment that they do there, I don't know.

1 Report of Proceedings (RP) (Mar. 18, 2005) at 13-14. Yet, the State also claimed that Rockwell said that "this is just a form, that it is a new form, not the form they have been using . . . . He doesn't know where it came from other than the forms committee." 1 RP at 8-9. Finally, the State claimed, "[Rockwell] said he just shoved it in a file." 1 RP at 15.

¶31 Later, on August 2, 2004, Dr. Goldberg provided Kistenmacher with yet another form titled, "NOTICE OF EVALUATION AS A SEXUALLY VIOLENT PREDATOR."

Br. of Appellant at App. B. This form contained the box titled, "EVALUATION CONSENT," but it did not contain the box titled, "WAIVER OF ATTORNEY PRESENCE." Br. of Appellant at App. B. Nevertheless, Kistenmacher still agreed to participate in the evaluation.

¶32 At trial, Kistenmacher testified that he did not know Dr. Goldberg nor why he was performing an evaluation. Kistenmacher continued, "I didn't know whether he was for me or for the [S]tate. I did not know if I should have my lawyer present or if I should refuse to cooperate without my lawyer." 2 RP (Mar. 21, 2005) at 6. Even so, Kistenmacher did not ask for his attorney to be present.

¶33 Dr. Goldberg testified that Kistenmacher did not have any questions about the form and never asked for his attorney to be present. And Dr. Goldberg testified that he had never seen the form that Rockwell provided to Kistenmacher.

¶34 During the evaluation by Dr. Goldberg, Kistenmacher disclosed 28 separate incidents of sexual contact or sexual exposure involving minors.[6] Kistenmacher had previously admitted to these incidents during a SSOSA evaluation conducted in 1995. He disclosed these incidents to his own expert, and he disclosed these incidents at his deposition, which his attorney attended.

¶35 Based on the State's actions, Kistenmacher simply argues that "the State is bound by Rockwell's assertion and that even if no right existed prior to the hearing, the [S]tate is bound by its employee, and that to attempt to abridge or curtail that right at a subsequent hearing is disingenuous." Br. of Appellant at 25.

¶36 We need not consider Kistenmacher's arguments as he has not developed them in his brief and he has not supported them with any legal authority. *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (passing

---

[6] Ultimately, Dr. Goldberg diagnosed Kistenmacher as suffering from exhibitionism and paraphilia (pedophilia). And based on actuarial instruments, Dr. Goldberg concluded that Kistenmacher could be considered likely to reoffend in a violent and sexually predatory manner.

treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration), *review denied*, 136 Wn.2d 1015 (1998); RAP 10.3(a)(5) (appellate brief should contain argument supporting issues presented for review, citations to legal authority, and references to relevant part of the record).

¶37 And although equitable estoppel may be asserted against the government, Kistenmacher has not asserted it and cannot comply with the test set forth in *Department of Ecology v. Campbell & Gwinn, L.L.C.*, 146 Wn.2d 1, 20, 43 P.3d 4 (2002), because he cannot show either reliance or injury. As we previously observed, Kistenmacher simply objects to the very admissions he already made in his 1995 SSOSA evaluation and in his videotaped deposition, which was taken in the presence of his attorney and later played at his trial. In addition, at his evaluation with Dr. Goldberg, Kistenmacher did not assert his request for his attorney's presence. And he offers no evidence to show that the outcome of Dr. Goldberg's evaluation would have differed if his attorney had been present or that Rockwell was acting as a state agent.

¶38 Additionally, Kistenmacher has made no showing that the absence of counsel at his evaluation prejudiced him. Thus, we reject Kistenmacher's arguments concerning the original form purporting to grant him the right of counsel at the time of his psychological evaluation.

¶39 Affirmed.

¶40 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

VAN DEREN, A.C.J., and HUNT, J., concur.

Review granted at 159 Wn.2d 1019 (2007).