162 P.3d 1195 (2007)
In re the DETENTION of John L. STRAND, Appellant,
v.
STATE of Washington, Respondent.
No. 34442-4-II.
Court of Appeals of Washington, Division 2.
July 31, 2007.
*1197 Manek R. Mistry, Jodi R. Backlund, Backlund & Mistry, Olympia, WA, for Appellant.
Sarah Sappington, Office of the Atty General, Seattle, WA, for Respondent.
VAN DEREN, A.C.J.
¶ 1 John Leonard Strand appeals his commitment as a sexually violent predator (SVP)[1] arguing that: (1) he had a constitutional right to counsel at a chapter 71.09 RCW psychological evaluation conducted before the State filed a petition to have him adjudicated as a SVP and before the required probable cause hearing, (2) his counsel's failure to object to either the pre-filing or the post-filing psychological evaluations constituted ineffective assistance of counsel, and (3) the court's failure to record the testimony of his expert witness deprived him of an official record of that portion of the proceedings. Finding no error, we affirm.

FACTS
¶ 2 In 1992, a jury convicted John Strand of first degree child molestation and the trial court sentenced him to a 150-month exceptional sentence. In January 2004, Dr. Kathleen Longwell interviewed him and completed an evaluation under chapter 71.09 RCW. Longwell informed Strand that the interview was not confidential and that State could use *1198 the information gathered against him in a SVP case. Strand signed a consent form agreeing to an evaluation interview with Longwell.
¶ 3 During the interview, Strand denied committing any sex crimes, including the child molestation offense for which he was incarcerated. He denied any sexual interest, contact, or fantasies involving children. Based on the interview and a review of his records, Longwell diagnosed Strand with pedophilia, antisocial personality disorder, and alcohol dependence, concluding that these disorders predisposed him to commit violent sex crimes. She determined that he was in the highest risk range for sexual recidivism.
¶ 4 On February 7, 2005, the State filed a SVP commitment petition and a certification for determination of probable cause under Chapter 71.09 RCW. The following day, the trial court appointed an attorney to represent Strand. Thereafter, Strand submitted to a second evaluation on November 8, 2005, and to a deposition on December 6, 2005.
¶ 5 Before trial, Strand moved to exclude testimony from the State's witnesses about prior unadjudicated sex offenses, arguing that the incidents were not relevant because they may not have occurred and he may not have been the perpetrator. But, during his interviews and in his deposition and trial testimony, Strand admitted to having nonsexual contact with the witnesses at the described times and places. The trial court concluded that it was more likely than not that the incidents occurred and allowed the State's witnesses to testify.
¶ 6 At trial, consistent with the court's ruling, the State introduced testimony from six witnesses, including Strand's sister, about actual and attempted acts of abuse against children. One of the incidents led to a conviction for lewdness; the remaining incidents were either unreported or the charges were dismissed.
¶ 7 Longwell testified about her conclusions based on interviews with Strand and review of his records. In her opinion, Strand felt no remorse about his behaviors and their consequences did not trouble him. She believed he would likely sexually re-offend in a violent, predatory manner.
¶ 8 The defense called its own expert, Dr. Theodore Donaldson, who testified that Strand did not meet the SVP criteria. But, due to an error, the trial court did not activate its recording system and Donaldson's testimony was not preserved. As soon as the error was discovered, Strand moved for a mistrial, arguing that a reconstructed record could not substitute for Donaldson's complex testimony. The trial court denied his motion for mistrial, ruling that the parties could reconstruct the testimony from Donaldson's deposition.
¶ 9 The jury determined that Strand was a SVP. After the jury returned its verdict, the trial court directed the parties to reconstruct Donaldson's testimony. Strand objected to several portions of the State's proposed narrative and moved for a new trial. After making several changes to incorporate Strand's objections, the trial court was satisfied that the reconstructed record, with Donaldson's deposition incorporated, was accurate and sufficient.
¶ 10 Strand appeals.

ANALYSIS
I. Evaluation Before Filing SVP Petition
¶ 11 Strand argues that the State violated his rights because Longwell evaluated him before the State filed a SVP petition because RCW 71.09.040[2] provides for evaluation only after the probable cause determination. He claims that under In re Detention of Williams, 147 Wash.2d 476, 491, 55 P.3d 597 *1199 (2002), RCW 71.09.040 is the exclusive means of evaluating whether an individual is a SVP and the State failed to follow the statute.
¶ 12 But Strand consented to the pre-petition interview. And to preserve an error for appeal, counsel must call it to the trial court's attention so the trial court has an opportunity to correct it. State v. Wicke, 91 Wash.2d 638, 642, 591 P.2d 452 (1979). We do not consider errors raised for the first time on appeal except manifest errors affecting a constitutional right.[3]
¶ 13 Strand makes several arguments claiming that the evaluation process deprived him of his constitutional rights. We consider each in turn.
A. Right to Counsel During SVP Evaluations
¶ 14 Strand contends that the evaluation procedure was unconstitutional because it deprived him of the right to counsel during his SVP evaluation.
¶ 15 SVP offenders "have a statutory right to counsel during all stages of a commitment trial." In re Detention of Stout, 128 Wash.App. 21, 27, 114 P.3d 658 (2005). But there is no constitutional right to counsel at psychological evaluations conducted in the course of SVP proceedings. In re Detention of Kistenmacher, 134 Wash.App. 72, 73, 138 P.3d 648 (2006), review granted, 159 Wash.2d 1019, 157 P.3d 404 (2007). We reject Strand's request to reconsider our decision in Kistenmacher or to create a new requirement for counsel before a SVP petition is filed.
B. Self-Incrimination
¶ 16 Strand also asserts that by denying him counsel at the pre-petition evaluation, the State violated his Fifth Amendment privilege[4] not to incriminate himself because he remains vulnerable to criminal prosecution for the un-adjudicated incidents.
¶ 17 To prevail on a claim of a Fifth Amendment violation, there must be a "`realistic threat of self-incrimination'" in a subsequent proceeding. State v. King, 130 Wash.2d 517, 524, 925 P.2d 606 (1996) (quoting Minnesota v. Murphy, 465 U.S. 420, 427, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984)). But Strand did not incriminate himself at any point. Moreover, a defendant must invoke the Fifth Amendment privilege for it to apply, except in a custodial interrogation or a situation where assertion of the privilege would be penalized. State v. Warner, 125 Wash.2d 876, 884, 889 P.2d 479 (1995). Strand was not compelled to answer any of the State's queries; to the contrary, he consented to the interview after Longwell asked him if he wanted to participate and informed him that his statements could be used against him in SVP proceedings. Absent compulsion, the interview does not constitute "interrogation." See Warner, 125 Wash.2d at 884, 889 P.2d 479. Strand fails to establish constitutional error based on violation of his Fifth Amendment privilege.
¶ 18 Strand does not demonstrate that he had a constitutional right to counsel at his psychological evaluation or that the absence of counsel deprived him of his privilege against self-incrimination. Because Strand failed to show that the pre-petition SVP evaluation affected any constitutional right, we decline to consider his objection to the State's evaluation procedure for the first time on appeal. RAP 2.5(a)(3).
II. Ineffective Assistance of Counsel
¶ 19 Next, Strand argues that his attorney provided ineffective assistance by failing to object to the evaluation procedure or dispute the voluntariness of his statements, contending that competent counsel would have preserved these issues for review.
*1200 ¶ 20 To prevail on the claim, he must show that his attorney's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the outcome. State v. McFarland, 127 Wash.2d 322, 334-35, 899 P.2d 1251 (1995). We give great deference to trial counsel's performance and presume that counsel was effective, viewing the representation in light of all the circumstances. McFarland, 127 Wash.2d at 335, 899 P.2d 1251; State v. Weber, 137 Wash.App. 852, 858, 155 P.3d 947 (2007). Matters of trial strategy or tactics do not establish that counsel's performance was deficient. Weber, 137 Wash.App. at 858, 155 P.3d 947. And when counsel fails to object to the admission of evidence, a defendant alleging ineffective assistance must show that the trial court would likely have sustained the objection. Detention of Stout, 159 Wash.2d 357, 377, 150 P.3d 86 (2007) (defendant entitled to effective assistance of counsel in SVP proceeding); State v. Saunders, 91 Wash.App. 575, 578, 958 P.2d 364 (1998).
¶ 21 Trial counsel's decision not to contest the State's pre-petition evaluation and failure to request a voluntariness hearing on the admissibility of his statements to Longwell was not objectively unreasonable. Strand voluntarily participated in the interview after Longwell advised him that his statements could be used against him in SVP proceedings. A reasonable attorney could conclude that because Strand acquiesced in the procedure and signed a consent form, he would probably not prevail on the issue.
¶ 22 Next, Strand argues that competent counsel would have advised him to assert his Fifth Amendment privilege and refuse to testify about the uncharged events. But the decision whether to call a witness to testify is a matter of trial strategy and, therefore, does not show ineffective assistance. State v. King, 24 Wash.App. 495, 499, 601 P.2d 982 (1979). Moreover, the decision about whether to testify ultimately resides with the defendant, not counsel. State v. Robinson, 138 Wash.2d 753, 758, 982 P.2d 590 (1999). Strand's decision to testify and deny committing any sex crimes was a tactical decision and cannot establish ineffective assistance of counsel. Strand fails to show that his attorney's performance was objectively unreasonable; therefore his ineffective assistance of counsel argument fails.
III. Failure to record testimony
¶ 23 Finally, Strand contends that his commitment must be overturned because the trial court did not preserve Donaldson's testimony in a verbatim report of proceedings. Strand requests a new trial, arguing that the trial court's failure to record his only witness's testimony violated the constitutional requirement that trial courts be courts of record and violated his rights to due process and appeal.
¶ 24 Strand has no constitutional right to a verbatim report of proceedings. State v. Tilton, 149 Wash.2d 775, 781, 72 P.3d 735 (2003). To satisfy due process, a criminal defendant[5] is entitled to "a record of sufficient completeness" for purposes of an appeal. A "record of sufficient completeness" does not necessarily mean a complete verbatim report of proceedings and, as long as another method allows effective review, such method is constitutionally permissible. Tilton, 149 Wash.2d at 781, 72 P.3d 735 (citations omitted).
¶ 25 The trial court discovered the inadvertent taping error the day after it occurred. While discussing the error, Strand's counsel agreed that there were no significant objections raised during Donaldson's testimony. Strand's counsel made numerous objections to the State's proposed narrative, which the trial court addressed. The trial court also determined that Donaldson's deposition testimony was substantially the same as his testimony at trial and incorporated it into the reconstructed record.
¶ 26 Strand fails to demonstrate that the combination of Donaldson's deposition and the reconstructed narrative record is insufficient to allow effective appellate review. He *1201 contends that appellate review is hindered because rulings on objections are unavailable, trial counsel had no notes of Donaldson's testimony, trial counsel disagreed with the trial court's conclusions about what happened, the jury may not have heard important testimony, the State may have elicited inadmissible testimony on cross-examination, and trial counsel may have provided ineffective assistance. But, these potential errors are purely speculative because the record indicates that Donaldson's testimony did not raise any significant issues or objections.
¶ 27 In any event, Strand has not taken the necessary steps to complete the record and thereby has waived any objection. A party who contends that the record is deficient must supplement the record through affidavits. State v. Miller, 40 Wash. App. 483, 488, 698 P.2d 1123 (1985). Strand has made no attempt to supplement the record with affidavits from trial counsel or the trial court and, therefore, we do not consider his argument further.
¶ 28 Remand for a new trial is only appropriate where the trial court's report of proceedings is insufficient for appellate review and when appropriate affidavits cannot adequately supplement the record. Tilton, 149 Wash.2d at 783, 72 P.3d 735. Because Strand failed to make a showing that the record, including Donaldson's deposition testimony is insufficient for review, his argument fails.
¶ 29 Affirmed.
We concur: BRIDGEWATER and QUINN-BRINTNALL, JJ.
NOTES
[1] "Sexually violent predator" means any person who has been convicted of or charged with a crime of sexual violence and who suffers from a mental abnormality or personality disorder which actually makes the person likely to engage in predatory acts of sexual violence if not confined in a secure facility. RCW 71.9.020(16).
[2] RCW 71.09.040 provides in relevant part:

(1) Upon the filing of a petition under RCW 71.09.030, the judge shall determine whether probable cause exists to believe that the person named in the petition is a sexually violet predator. If such determination is made the judge shall direct that the person be taken into custody.
. . . .
(4) If the probable cause determination is made, the judge shall direct that the person be transferred to an appropriate facility for evaluation as to whether the person is a sexually violent predator. The evaluation shall be conducted by a person deemed to be professionally qualified to conduct such an examination.
[3] RAP 2.5(a)(3) provides in relevant part: "The appellate court may refuse to review any claim of error which was not raised in the trial court. However, a party may raise the following claimed errors for the first time in the appellate court: . . . (3) manifest error affecting a constitutional right."
[4] No person . . . shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property, without due process of law. U.S. Const. amend. V.
[5] Though Strand is not a criminal defendant, because he is facing involuntary commitment, we apply a similar standard.