

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

STATE OF WASHINGTON,           )
                               )           No. 36570-1-III
            Respondent,        )
                               )
    v.                         )
                               )
CHARLES WALTER WEBER,          )           UNPUBLISHED OPINION
                               )
            Appellant.         )

SIDDOWAY, J. — Ten years after his judgment and sentence for a prison assault became final, and after dismissal of one personal restraint petition as frivolous, Charles Weber filed a series of motions in the trial court in an effort to obtain a new trial. We affirm the trial court's dismissal of the motions.

FACTS AND PROCEDURAL BACKGROUND

*Prior criminal proceedings*

In February 1999, Charles Weber entered a plea of guilty of assault in the second degree in King County Superior Court and was sentenced to a term of total confinement of 29 months.

In July 2003, he was found guilty in a jury trial of attempted murder in the second degree and assault in the first degree, among other charges, again in King County. It was agreed by the parties that convictions on both the attempted murder and assault charges

violated double jeopardy, so the trial court vacated the conviction for the assault charge.

It was the State's position that since the assault charge carried the longer standard

sentence range, it was the conviction that should stand. The State sought review of that

issue by the Washington Supreme Court.

A little over a year after he was sentenced for his 2003 crimes, while serving his

time at the Washington State Penitentiary, Mr. Weber was charged with committing a

second degree assault of another inmate. Mr. Weber and the other inmate, Mark Holt,

became involved in a dispute during a prison softball game. The following day, after the

inmates finished eating lunch, Mr. Weber and Mr. Holt fought in Mr. Weber's cell. As

later summarized by this court:

> There was a dispute as to whether Mr. Holt went to Mr. Weber's cell
> voluntarily to fight him, or whether Mr. Holt was taken there by force. Mr.
> Holt insisted that the inmates cornered him in the cell and began beating
> him.
>      . . . .
>      . . . At trial, Mr. Weber admitted to fighting with Mr. Holt. He also
> admitted that he struck the first blows. However, Mr. Weber stated that
> Mr. Holt had agreed to come to Mr. Weber's cell to fight and that the two
> had engaged in mutual combat.

*State v. Weber*, 137 Wn. App. 852, 855-56, 155 P.3d 947 (2007) (*Weber* III). Mr. Weber

was found guilty following a jury trial. Because the prison assault was his third most

serious offense, Mr. Weber was sentenced in April 2005 as a persistent offender, to life in

prison without the possibility of parole. After his motion for a new trial was denied, he

appealed.

2

Two months after the Walla Walla Superior Court imposed the life without parole sentence for his 2004 prison assault, Division One of this court decided the appeal of Mr. Weber's sentence for his 2003 crimes. It agreed with the State in a published decision that when double jeopardy requires vacating one of two convictions, the conviction with the shorter standard sentence is the "lesser offense" that should be vacated. *State v. Weber*, 127 Wn. App. 879, 888, 112 P.3d 1287 (2005) (*Weber* I). The Supreme Court accepted review, and affirmed. *State v. Weber*, 159 Wn.2d 252, 269, 149 P.3d 646 (2006) (*Weber* II). In March 2007, the King County Superior Court entered an amended judgment and sentence that reinstated Mr. Weber's conviction for first degree assault at the same time it vacated the conviction for attempted second degree murder.

A month later, this court decided Mr. Weber's appeal of his conviction for the prison assault. Mr. Weber had complained in part that he received ineffective assistance of counsel when his trial lawyer failed to interview two witnesses. One witness, Jermine Mercado, was a friend and cellmate of victim Holt. In an affidavit offered as support when Mr. Weber moved for a new trial, Mr. Mercado stated that Mr. Holt had been untruthful in his account of the assault and had been a willing participant in the fight.

In a published opinion, this court agreed that Mr. Weber might have received deficient representation when his trial lawyer failed to interview the witnesses without a satisfactory explanation. *Weber* III, 137 Wn. App. at 858. Turning to the actual prejudice required to demonstrate ineffective assistance of counsel, however, this court

observed that consent—while historically a defense to assault—was now disfavored as a defense, at least in some contexts. This court held as a matter of first impression that consent is not a defense to a charge of second degree assault between two incarcerated persons. *Id.* at 860. Since Mr. Weber could not demonstrate the prejudice prong of his ineffective assistance of counsel claim and presented no other error, his conviction was affirmed. Mr. Weber sought review by the Supreme Court, which was denied. This court issued its mandate in April 2008.

In a timely personal restraint petition (PRP) filed in November 2008, Mr. Weber raised a new claim of ineffective assistance of counsel. *See* Order Dismissing Pers. Restraint Petition, *In re Pers. Restraint of Weber*, No. 27530-2-III (Wash. Ct. App. July 2, 2009). With supporting witness affidavits, including an affidavit from Mr. Holt recanting his trial testimony and asserting that he, rather than Mr. Weber threw the first punch, Mr. Weber argued that trial counsel failed to warn him of problems presented by pursuing a trial strategy of consent. The chief judge of this court dismissed the PRP in July 2009, holding that it was not unreasonable for Mr. Weber's trial lawyer to defend on a theory of consent and self-defense. The chief judge observed that "[a]lthough Mr. Weber admitted he threw the first punch, he claimed that the other inmate charged into his cell with the intent to fight," and "landing the first blow might be viewed as a reasonable way to avoid injury." *Id.* at 3. Our chief judge also observed that consent had traditionally been considered a defense to assault, and Mr. Weber's trial lawyer

4

"reasonably relied on traditional consent cases and did not anticipate the ruling in *Weber* [III]." *Id.* at 4. The dismissal order observed that none of Mr. Weber's supporting affidavits were helpful to him, because most simply supported the theory of consent rejected on appeal and Mr. Holt's new claim that he threw the first punch "contradicts Mr. Weber's own testimony and therefore is insufficient to show prejudice." *Id.* at 4 n.1.

Mr. Weber sought discretionary review of dismissal of his PRP by the Supreme Court, whose commissioner denied review in October 2009. Ruling Denying Review, *In re Pers. Restraint of Weber*, No. 83398-2 (Wash. Oct. 16, 2009). The commissioner's ruling agreed that the affidavits filed by Mr. Weber in support of his PRP were unhelpful because they merely "support the untenable theory that the victim entered the fray voluntarily and thus consented to the assault. And the victim recantation is highly dubious because it contradicts Mr. Weber's claim that he, and not the victim, threw the first punch." *Id.* at 2.

*Current proceedings*

In July 2018, Mr. Weber filed a pro se "CrR 7.8 Motion for Evidentiary Hearing" in the Walla Walla County Superior Court, arguing that when his 2003 conviction for attempted murder was vacated, it "voided" his persistent offender status and rendered his judgment and sentence facially invalid. Clerk's Papers (CP) at 71-73.

On August 6, Mr. Weber was transported to superior court for what had been set as a hearing on his CrR 7.8 motion. At the outset of the hearing, the State explained that

5

it had drafted but not filed a response to the motion because it was awaiting a certified copy of the original and amended King County judgment and sentences for the 2003 convictions, which it was sure the court would want to see. It offered a response brief for filing during the hearing, in which it argued that because Mr. Weber's 2003 conviction for first degree assault was reinstated when his attempted second degree murder conviction was vacated, he had two most serious offense convictions when sentenced in Walla Walla. The State suggested that the hearing be continued so that Mr. Weber would have a chance to reply. The court, the Honorable Scott Wolfram, agreed. Mr. Weber took the opportunity at the hearing to serve and file the following additional pro se motions:

| | |
|---|---|
| August 6, 2018 | Motion for Continuance and Transfer to Walla Walla County |
| August 6, 2018 | Motion for Appointment of Counsel |
| August 6, 2018 | Motion for Transcripts from Co-defendant's Trial be Produced by the State |

He later filed the following additional motions:

| | |
|---|---|
| August 16, 2018 | Motion for Appointment of Counsel (Amended) |
| August 16, 2018 | Motion for Continuance of Hearing |
| August 16, 2018 | Amended Motion to Produce Transcripts of Co-defendant's Trial under CrR 7.8(b)(2) |
| August 22, 2018 | Motion to Submit Evidence of Actual Innocence 7.8 (b)(2) |

6

Some of these motions revived Mr. Weber's complaints that when tried for the prison assault, available evidence that Mr. Holt was a willing combatant was not presented. Mr. Weber also argued that the State's case against him was substantially premised on its contention that his cellmates, Joseph Gallegos and Edgar Perez, forced Mr. Holt into the cell where Mr. Holt was assaulted, yet Mr. Perez was tried separately for his involvement and was acquitted, and the charges against Mr. Gallegos were later dropped. He argued that newly discovered evidence demonstrated his actual innocence, entitling him to a new trial.

On August 30, the State filed a response to these new arguments. It argued that Mr. Weber had relied on affidavits challenging the evidence presented in his trial in his 2005 motion for a new trial of the prison assault charge, his appeal, and his 2008 PRP; that none of his evidence was newly discovered; and that this court had found the affidavits on which Mr. Weber relied unhelpful to his legal arguments.

On September 4, Mr. Weber was again transported to superior court for a hearing. When he explained that he had filed a reply brief that he had sent out the night before, Judge Wolfram said he would take Mr. Weber's motions under advisement and rule after reviewing Mr. Weber's reply.

On September 19, Judge Wolfram sent a letter to Mr. Weber and the deputy prosecuting attorney assigned to the matter, stating he had reviewed "the pending motions filed by Mr. Weber," the parties' briefing, and the cases cited and was going to

deny "all motions filed by Mr. Weber," "basing its decision on the State's briefing."

CP at 359. He directed the State to present an order.

Before entry of an order, Mr. Weber moved on September 27 for reconsideration.

Between September 27 and October 3, he filed the following additional motions:

| | |
|---|---|
| September 27, 2018 | Motion to Terminate Legal Financial Obligations |
| October 3, 2018 | Motion to Stay Previous Motion for Reconsideration Pending Receipt of Official Order |
| October 3, 2018 | Motion to Produce Transcripts of Mark A. Holt from Trial of Perez |
| October 3, 2018 | Motion for a New Trial Under CrR 7.8, Additional Grounds for Relief |

On October 15, 2018, Mr. Weber was transported to superior court for

presentment by the State of the order it had been directed to prepare. Judge Wolfram

signed the proposed order denying motions for new trial and for evidentiary hearing and

for other relief.

On October 19, Mr. Weber filed a pro se petition for writ of habeas corpus ad

subjiciendum with the Walla Walla County Superior Court. *See* Initiation Petition, *In re

Pers. Restraint of Weber*, No. 36426-7-III (Wash. Ct. App. Nov. 9, 2018). Unlike prior

motions he had filed under the case number for the prison assault prosecution, he did not

include a case file number on this petition. It was reviewed by the Honorable John

Lohrmann, who entered an order transferring it to the Court of Appeals for consideration

as a PRP.  The matter was opened in this court as a PRP and was assigned case no.
36426-7-III.

Returning to the prison assault case, on October 24, Mr. Weber filed a motion to order response from the State and schedule motion hearing, asking that a response be ordered to his legal financial obligation (LFO) and new trial motions filed with the court on October 3.  The motion also complained that he had received no State response to his motion for the production of transcripts of the testimony of Mr. Holt in the Perez trial.

The State filed a response to Mr. Weber's motion to terminate his LFOs on November 6.  Also on November 6, Mr. Weber filed a motion to vacate judgment, in which he complained that the State had failed to give him advance notice of the August 6, September 4, and October 15 hearings on his motions.  He also filed motions for an order of indigency, an order authorizing appeal at public expense, and appointment of counsel.

The State did not respond to many of the motions Mr. Weber filed after the motions dismissed on October 15.  On December 24, when Mr. Weber's case was evidently on the court calendar (Mr. Weber was not present) the prosecutor explained to Judge Wolfram that the later motions "were the same nature, same issues" and "further responses . . . would have been acts of futility on the State's behalf."  Report of Proceedings (RP) (Dec. 24, 2018) at 13.  At the trial court's direction that the State file a "brief paragraph response to what you just indicated," the State filed a response to what it

9

characterized as Mr. Weber's "subsequent motions" on December 31. RP (Dec. 24, 2018) at 13; CP at 425-26.

On January 4, 2019, the acting chief judge of this court entered an order in case no. 36426-7-III, the CrR 7.8 motion that had been transferred on the order of Judge Lohrmann. The order dismissed Mr. Weber's PRP as frivolous. It explained that since Mr. Weber filed his petition more than a year after his judgment and sentence became final, it was untimely unless it fell within an exception to the timeliness requirement. Order Dismissing Pers. Restraint Petition, *In re Pers. Restraint of Weber*, No. 36426-7-III (Wash. Ct. App. Jan. 4, 2019). It recognized that Mr. Weber claimed his sentence was facially invalid and the sentence imposed was in excess of the court's jurisdiction under RCW 10.73.100(5). It held, however, that since Mr. Weber's 2003 first degree assault conviction was reinstated at the same time his 2003 attempted murder conviction was vacated, he "still qualifies as a persistent offender under RCW 9.94A.030(38)" and "[t]he sentence imposed is not unlawful." Order, *Weber*, No. 36426-7-III, at 3-4.

On January 7, 2019, a hearing was conducted by Judge Wolfram at which the State and Mr. Weber were present. The prosecutor reminded the trial court that it had previously denied Mr. Weber's pro se motions and, while Mr. Weber had since filed additional motions, the prosecutor argued, "We would be asking the Court to deny the subsequent motions because they are . . . essentially the same nature and scope of his previous motions." RP (Jan. 7, 2019) at 15. Judge Wolfram commented that a decision

10

had also just come down from the Court of Appeals dismissing Mr. Weber's PRP as frivolous. Judge Wolfram entered an order dismissing Mr. Weber's "motions for relief made in September, October and November of 2018, based on those motions being repetitive in nature and scope of his previous motions which this Court denied formally on October 15." CP at 427. Mr. Weber timely appealed. An order of indigency was entered by the trial court and this court appointed counsel.

Mr. Weber timely sought discretionary review of this court's order dismissing his second PRP.

ANALYSIS

A motion for relief from judgment under the superior court criminal rule, like a personal restraint petition, is subject to RCW 10.73.090 (one year time limit), .100 (exceptions to the time limit), and .140 (subsequent petitions). CrR 7.8(b). If such a motion or petition is filed more than a year after the judgment and sentence became final, it is barred as untimely unless the judgment and sentence is invalid on its face, the trial court lacked competent jurisdiction, or the petition is based solely on one or more of the exceptions set forth in RCW 10.73.100(1)-(6). See *In re Pers. Restraint of Benavidez*, 160 Wn. App. 165, 170, 246 P.3d 842 (2011) (addressing timeliness of a petition).

Mr. Weber's counsel on appeal makes two assignments of error: that the trial court's "perfunctory dismissal" of Mr. Weber's CrR 7.8(b) motion deprived him of the opportunity to effectively argue that his life without parole sentence should be reversed,

11

and that his constitutional right to due process was violated when the State failed to

provide notice that at the time of sentencing, it would seek a sentence of life without

parole. Br. of Appellant at 1. We address the alleged errors in the order presented.

I.      MR. WEBER'S PERSISTENT OFFENDER SENTENCE IS NOT INVALID

Whether Mr. Weber's life without parole sentence as a persistent offender became

unlawful when his 2003 conviction for attempted murder was vacated was squarely

presented in his PRP that this court dismissed as frivolous in our case no. 36426-7-III. At

the time Mr. Weber filed his opening brief in this appeal, the Supreme Court had not yet

acted on his motion for discretionary review of the PRP's dismissal, but the Supreme

Court commissioner entered a ruling denying review in July 2019. Largely paralleling

our acting chief judge's analysis, the commissioner stated:

> [R]egardless of the vacation of Mr. Weber's attempted second degree
> murder conviction, he still has two prior convictions for strike offenses—
> one for first degree assault and one for second degree assault—making him
> a persistent offender in relation to his current conviction. Former RCW
> 9.94A.030(32)(a) (2002). While technically Mr. Weber's current life
> sentence is invalid to the extent it rests in part on a vacated prior
> conviction, any facial error does not prejudice Mr. Weber because under his
> correct criminal history he remains a persistent offender for which a
> sentence of life without release is required. He therefore is not entitled to
> sentencing relief. *See In re Pers. Restraint of Finstad*, 177 Wn.2d 501,
> 506, 301 P.3d 450 (2013) (even where facial error is shown, petitioner is
> entitled to relief only if petitioner was actually and substantially prejudiced
> by constitutional error or a nonconstitutional error resulted in a complete
> miscarriage of justice).

No. 36570-1-III
*State v. Weber*

Ruling Denying Review, *In re Pers. Restraint of Weber*, No. 96749-1, at 2-3 (Wash. July 24, 2019) (footnotes omitted). A motion to modify the commissioner's ruling was denied. Order, *In re Pers. Restraint of Weber*, No. 96749-1 (Wash. Oct. 3, 2019).

Mr. Weber's counsel continues to press the argument that when Mr. Weber's attempted murder conviction was vacated, it eliminated the basis for his life without parole sentence despite our acting chief judge's order and the Supreme Court commissioner's ruling denying review. Neither he nor the prosecutor has briefed the significance (or not) of those rulings on the identical issue raised in this appeal. We assume without deciding that this panel is not bound by our acting chief judge's decision or the reasoning of the Supreme Court commissioner in denying review. We agree with and adopt the reasoning of both decisions, however. Mr. Weber may have demonstrated an error in the 2005 judgment and sentence. But in this collateral attack, he is required to do more than that; he is required to demonstrate that his sentence is unlawful. He has not demonstrated that it is.

II.     WE WILL NOT REVIEW THE NEW DUE PROCESS CHALLENGE RAISED FOR THE FIRST TIME ON APPEAL

The second error assigned by appointed counsel is a new issue not raised in the trial court nor, for that matter, in any of Mr. Weber's motions in the trial court: Mr. Weber argues his sentence must be vacated because he was not given notice, when

13

prosecuted for his prison assault, that at the time of sentencing the State would seek a sentence of life without parole. We decline to consider the issue. *See* RAP 2.5(a).[1]

## STATEMENT OF ADDITIONAL GROUNDS

In a pro se statement of additional grounds (SAG), Mr. Weber raises eight. Five of the eight suffer from a common infirmity and are considered together.

*SAG 1: Failure to appoint counsel.* Mr. Weber contends the trial court abused its discretion by not appointing counsel to represent him in connection with his CrR 7.8 motions. A defendant does not have a right to counsel when his CrR 7.8 motion fails to establish grounds for relief and is dismissed without a hearing on the merits. *State v. Robinson*, 153 Wn.2d 689, 696-97, 107 P.3d 90 (2005). The right to counsel arises only after the court determines the motion has merit. *Id.* Because there was no hearing on the merits, Mr. Weber did not have a right to counsel.

*SAG 2: Denial of hearing.* Mr. Weber contends the trial court abused its discretion when it failed to provide notice and the opportunity to be heard on his CrR 7.8 motions. "If [a CrR 7.8 motion] does not establish grounds for relief, the judge may dismiss the petition or deny the motion without a hearing on the merits." *Id.* at 696.

---

[1] The State invites us to reach the issue, arguing that the Washington Supreme Court rejected the same argument in *State v. Crawford*, 159 Wn.2d 86, 96, 147 P.3d 1288 (2006) (holding that the Persistent Offender Accountability Act, RCW 9.94A.570, does not require notice nor is notice constitutionally required).

*SAG 4: Denial of discovery.*  Mr. Weber complains that he was denied discovery that he sought in aid of his collateral attack.  He cites CrR 4.7, which appears in Title 4 of the Superior Court Criminal Rules, entitled "Procedures Prior to Trial."  Mr. Weber identifies no legal authority entitling him to discovery in aid of a collateral attack in 2018.

*SAG 3 and 5 through 8: Matters ineligible for relief under CrR 7.8(b).*  "[T]ime and manner" limitations are imposed on collateral review, including review requested by a motion under CrR 7.8(b).  *State v. Brand*, 120 Wn.2d 365, 369, 842 P.2d 470 (1992). As earlier observed, a motion for relief from judgment under the superior court criminal rule, like a personal restraint petition, is subject to RCW 10.73.090 and .100.  If such a motion or petition is filed more than a year after the judgment and sentence became final, it is barred as untimely unless the judgment and sentence is invalid on its face, the trial court lacked competent jurisdiction, or the petition is based solely on one or more of the exceptions set forth in RCW 10.73.100(1)-(6).  *Benavidez*, 160 Wn. App. at 170.

A motion for relief from judgment under the rule is also subject to RCW 10.73.140.  CrR 7.8(b).  That statute provides that "[i]f a person has previously filed a petition for personal restraint, the court of appeals will not consider the petition unless the person certifies that he or she has not filed a previous petition on similar grounds, and shows good cause why the petitioner did not raise the new grounds in the previous petition."  RCW 10.73.140.  Although the statute literally applies only to the filing of a subsequent PRP, the Supreme Court held in *Brand* that RCW 10.73.140 "appl[ies] by

analogy" to CrR 7.8(b) motions, and "[t]o hold otherwise would thwart the legislative purpose by allowing repetitious collateral attacks in the trial courts in contravention of the policy limiting collateral review." 120 Wn.2d at 370.

A collateral attack by motion in the trial court is also subject to the general prohibition against successive attacks that are embodied in the doctrines of claim and issue preclusion. *In re Pers. Restraint of Becker*, 143 Wn.2d 491, 497, 20 P.3d 409 (2001).

Mr. Weber's motions in the trial court were brought many years after his judgment and sentence for the prison assault became final, and after his 2008 PRP. The remaining grounds identified in his SAG fail under the time and manner limitations on collateral review.

Mr. Weber's challenge to the trial court's refusal to revisit the denial of his 2005 motion for a new trial (SAG 3), a denial that was affirmed on appeal, is barred by law of the case doctrine.

He contends that his trial lawyer provided ineffective assistance of counsel by failing to request a jury instruction on his defense of consent. He argues in SAG 5 that if the jury had been instructed on the defense of consent, he would have been acquitted, avoiding this court's announcement of the new rule in *Weber* III that the defense is unavailable to incarcerated persons. This contention fails on multiple grounds. Mr. Weber makes only a bald, conclusory argument that the defense, which failed even

though argued to the jury, would have succeeded if addressed by an instruction. He provides no "good cause" why this claim of ineffective assistance of counsel was not raised in his 2008 PRP. He does not identify effective relief that we can grant, since the unavailability of the defense is now settled and would control in the event of a new trial.

Mr. Weber challenges the denial of his motion for a new trial based on the evidence that led to the acquittal and dismissal of charges against his cellmates, characterizing it as "evidence newly-discovered." (SAG 6 and 8). "[I]n the context of 'newly discovered evidence,' a collateral attack is based on 'similar grounds' unless the current evidence is significantly different in either quantum or quality from the evidence presented in a previous collateral attack." *Brand*, 120 Wn.2d at 370. The State demonstrates that the evidence on which Mr. Weber relies does not meet this standard. And as the chief judge and Supreme Court commissioner observed in addressing Mr. Weber's 2008 PRP, it also would not change the result, since the jury found that Mr. Weber assaulted Mr. Holt, it rejected his claim of self-defense, and consent is not an available defense.[2]

Mr. Weber contends the trial court abused its discretion when it denied his motion to vacate his LFOs (SAG 7) because there was inadequate inquiry into his current or

---

[2] Mr. Weber represents in the motions below that in his 2005 trial, he "took the blame for his own fight from the beginning, excluding Mr. Perez and Mr. Gallegos as being involved." CP at 180.

future ability to pay. But *Blazina*[3] error is not exempt from the one-year time bar for collateral attacks. *In re Pers. Restraint of Flippo*, 187 Wn.2d 106, 111, 385 P.3d 128 (2016); RCW 10.73.100(6).

Dismissal of Mr. Weber's 2018 motions is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, A.C.J.

WE CONCUR:

_____
Fearing, J.

_____
Korsmo, J.P.T.[4]

---

[3] *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015).

[4] Judge Kevin M. Korsmo was a member of the Court of Appeals at the time argument was held on this matter. He is now serving as a judge pro tempore of the court pursuant to RCW 2.06.150.